## BAUMANN et al. v. ROWAN.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

USE AND OCCUPATION (§ 1*)—RIGHT OF PLAINTIFF TO POSSESSION.

A lessee of premises at a monthly rental, who organized a corporation and assigned the lease to it, as permitted by the lease, and thereafter sold all the corporate stock to defendant, who occupied the premises, could not sue defendant for use and occupation, since, there being an outstanding lease to the corporation, the relation of landlord and tenant could not exist between himself and defendant.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. §§ 1–11; Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by C. Ludwig Baumann and another against Edmond A. Rowan. From a judgment for plaintiffs entered upon a trial by the court without a jury, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Joseph Rowan, of New York City, for appellant.

Fixman, Lewis & Seligsberg, of New York City (Clarence M. Lewis and Walter N. Seligsberg, both of New York City, of counsel), for respondents.

PAGE, J. This is an action to recover for the use and occupation of certain premises at Far Rockaway. The plaintiffs leased the premises from Arthur W. and Walter M. Connable for a term of five years from the 1st day of April, 1911, at an annual rent therein reserved, payable monthly. The lease contained a clause as follows:

"The tenant shall not assign this agreement or underlet or underlease the premises or any part hereof * * * without the landlord's consent in writing, * * * except that the tenants are hereby authorized to assign this lease to a corporation, to be organized and controlled by them and to operate the business contemplated by them."

Thereafter the plaintiffs organized such a corporation by the name of "Pierre," and thereafter duly assigned by a written instrument the said lease to the said corporation. Thereafter the plaintiff sold all the outstanding stock of the corporation "Pierre" to the defendant. It is alleged that thereafter the defendant used the corporation as a mere

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cloak, but in fact carried on business in his own name. It is not necessary to go into that question. Plaintiffs cannot sue for use and occupation. They had no right to possession, estate, or title in the premises after they had assigned the lease to the corporation, and thereafter the relation of landlord and tenant could not exist between the plaintiffs and defendant. Concededly none existed by contract, for the lease was never assigned to the defendant, nor could such relation arise by operation of law. There was an outstanding lease to the corporation by virtue of assignment. Had plaintiffs paid the rent, they might have recovered the rent paid, from the corporation; but, so long as they had assigned "all their right, title, and interest in and to the premises demised by the said lease," they are in no position to recover as for use and occupation of the premises against any one.

Judgment reversed, with costs to appellant, and complaint dismissed, with costs. All concur.